IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SONDRA R. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-506-GPM |
| | ) |
| CITY OF EAST ST. LOUIS, ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On April 21, 2005, the Court dismissed without prejudice Defendants East St. Louis Police Department and Unknown Arresting Officers and ordered the United States Marshal to effect service on Defendants City of East St. Louis, Illinois, and Dan Hill (Doc. 9). The summons and complaint were served on the City of East St. Louis, Illinois, on June 20, 2005 (Doc. 12) and on Dan Hill on June 22, 2005 (Doc. 11). Thereafter, on November 16, 2005, the Clerk of Court issued a Notice of Impending Dismissal for Want of Prosecution, warning Plaintiff that if she did not request, within 20 days, entry of default against the defendants that had been served in her case, the action would be dismissed for failure to prosecute. After nothing was filed, the Court entered judgment in favor of Defendants and against Plaintiff on March 28, 2006.

On April 21, 2006, Plaintiff filed a "response" to the judgment, asking the Court to re-open the case (Doc. 15), and a request for entry of default against Defendants City of East St. Louis, Illinois, and Dan Hill (Doc. 16). In her motion to re-open the case, Plaintiff states that she never

received the Notice of Impending Dismissal.  In fact, she states that she did not receive anything since the Court's April 2005 Memorandum and Order.  The reason given is that she lives above a food shop, and all of the tenants in her building pick up their mail from the manager of the food shop.  She has concluded that the Notice of Impending Dismissal, which she refers to as a "letter," "was lost somewhere in the process of being delivered to [her]" (Doc. 15, p. 2).

Plaintiff filed her motion more than 10 days after entry of the judgment.  Therefore, the Court construes Plaintiff's motion to re-open the case (Doc. 15) as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  *See, e.g., Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001) (although proponent styled the motion as one for relief from the district court's order under Rule 60(b)(6), the Seventh Circuit has adopted the bright-line rule that all substantive motions filed within 10 days of the entry of judgment be treated under Rule 59); *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002).  That rule provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).  While Rule 60(b) specifically authorizes a district court to relieve a party from a final judgment under a variety of circumstances, "the need for the finality of judgments is an overarching concern." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997).  "Rule 60(b) sets a higher value on the social interest in the finality of litigation." *Id.* (internal quotation omitted).  Therefore, it is "very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal quotation omitted).

No such exceptional circumstances are present here to warrant relief, nor is the judgment the

result of excusable neglect. Once a plaintiff chooses to file a lawsuit, she must prosecute the action or it will be dismissed. *See* FED. R. CIV. P. 41(b). Moreover, Plaintiff is required under Local Rule of the United States District Court for the Southern District of Illinois 3.1(b) to file with the Court an accurate address. Plaintiff should have come to the courthouse sometime between April 2005 and April 2006 to see what, if anything, was happening in her case. Plaintiff is not entitled to relief from the judgment under Rule 60(b); therefore, her motion to re-open the case (Doc. 15) is **DENIED**. Consequently, the motion for entry of default (Doc. 16) is **DENIED**.[1]

**IT IS SO ORDERED.**

DATED: 06/13/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

[1] Additionally, Plaintiff failed to follow this Court's command in the April 21, 2005, Memorandum and Order that she "shall serve upon each Defendant, or upon Defendant's attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted for consideration by this Court. She shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or counsel" (Doc. 9). Despite addresses for Defendants appearing on the returns of service filed by the Marshal at Documents 11 and 12, neither motion includes a certificate of service.